IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DAVID KLOSSNER, Individually §
and d/b/a KDA REALTY LLC, §
§
Plaintiff, §
§
V. § No. 3:25-cv-3251-G-BN
§
ZURICH AMERICAN INSURANCE §
COMPANY and AMERICAN §
ZURICH INSURANCE COMPANY, §
§
Defendants. §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge

for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of

reference from Senior United States District Judge A. Joe Fish. *See* Dkt. No. 3.

*Pro se* Plaintiff David Klossner, individually and doing business as KDA Realty

LLC, filed a petition in state court against Defendant Zurich American Insurance

Company ("ZAIC") and Defendant American Zurich Insurance Company ("AZIC")

(collectively, "Defendants"). *See* Dkt. No. 1.

Defendants removed the action to federal court on the basis of diversity

jurisdiction under 28 U.S.C. § 1332. *See id.*

On December 1, 2025, Klossner filed a Motion to Remand the action back to

state court based on alleged jurisdictional and procedural defects. *See* Dkt. No. 5.

Considering Defendants' notice of removal, the undersigned recommends that

the Court should remand this action for lack of subject-matter jurisdiction. But if,

within the 14-day period for objections, Defendants file a written response that sufficiently explains, or provide evidence of, Klossner's citizenship, the Court should retain jurisdiction over this lawsuit and, for the reasons explained below, deny the Motion for Remand [Dkt. No. 15].

### Legal Standards

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

Because Defendants chose to remove this lawsuit to federal court, they undertook the burden to establish federal jurisdiction. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

And the federal courts' jurisdiction is limited, so they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331 & 1332.

Subject-matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. *See Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing 28 U.S.C. § 1332).

The party invoking jurisdiction under Section 1332 is responsible for showing that the parties are completely diverse. *See Menchaca v. Chrysler Credit Corp.*, 612 F.2d 507, 511 (5th Cir. 1980); *see also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## Analysis

I.   <u>**The Court should remand this lawsuit for lack of subject-matter jurisdiction because Defendants have not properly alleged the citizenship of the parties.**</u>

Defendants' notice of removal alleges that (1) Klossner "is a citizen and resident of Norton, Ohio"; (2) "Klossner is also the sole member of KDA Realty, LLC"; (3) ZAIC "is a New York corporation" "with a statutory home office located" in New York and "its principal place of business located" in Illinois; and (4) AZIC "is an Illinois corporation" "with a statutory home office and its principal place of business" in Illinois." Dkt. No. 1 at 3.

Defendants also allege that, in his petition, Klossner "seeks monetary relief of $2.3 million for alleged property damage." Dkt. No. 1 at 4. The petition, which Defendants attached to their notice of removal, states that Klossner "seeks judgment for the full $2.3 million claimed loss, less any credits for sums recovered from other insurers, plus statutory interest and exemplary damages." Dkt. No. 1-3 at 32.

And, so, as to the amount in controversy, Defendants have sufficiently alleged

that it exceeds the $75,000 threshold.

For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

A corporation's "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Put another way, a corporation's principal place of business is its "nerve center." *Id.* at 93.

Defendants' notice of removal states that ZAIC is "a New York corporation … with a statutory home office located" in New York. Dkt. No. 1 at 3. And it states that ZAIC's principal place of business is in Illinois. *See id.*

The notice of removal also states that that AZIC is "an Illinois corporation … with a statutory home office and principal place of business" in Illinois. *Id.*

A corporation's statutory home office is evidence of its principal place of business, not the state of incorporation. *See Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, No. 1:20-cv-665-RP, 2020 WL 6537230, at *2; (W.D. Tex. Nov. 5, 2020); *Ind. Affordable Storage, Inc. v. Ohio Cas. Ins. Co.*, No. 5:24-cv-50, at *5 (N.D. Tex. Aug. 29, 2025). And, so, Defendants' notice of removal alleged their principal places of business but not their states of incorporation.

But, in their response to Klossner's motion to remand, Defendants clarify that "ZAIC is a resident of New York, where it is incorporated," and "AZIC is a resident of

Illinois, where it is incorporated." Dkt. No. 18 at 2.

And, so, the undersigned finds that Defendants have properly alleged that ZAIC is a citizen of New York and Illinois and that AZIC is a citizen of Illinois.

But Defendants have not properly pleaded Klossner's citizenship.

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023).

And, while the party invoking subject-matter jurisdiction is not required to prove an intent to make the place of residency a party's permanent home,

> [i]n determining a litigant's domicile, the court must address a variety of factors. No single factor is determinative. The court should look to all evidence shedding light on the litigant's intention to establish domicile. The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family.

*Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996) (citations omitted).

So, where the party invoking subject-matter jurisdiction under Section 1332 (1) merely concludes that a party is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any party, a court cannot find that a party's domicile has been plausibly alleged and that complete diversity supports subject-matter jurisdiction under Section 1332.

Defendants allege that "Plaintiff is a citizen and resident of Norton, Ohio." Dkt. No. 1 at 3. In doing so, they cite to Klossner's state court petition, which lists only

Klossner's home address. *See id.*; Dkt. No. 1-3 at 2.

Because they rely only on Klossner's current residence and do not allege or provide additional allegations or evidence to support his place of domicile, the undersigned finds that Defendants have not properly alleged Klossner's citizenship.

And the Court should remand this action for lack of subject-matter jurisdiction.

But if, within the 14-day period for objections, Defendants file a written response that sufficiently explains or provides evidence of Klossner's citizenship, the Court should retain jurisdiction over this lawsuit and, for the reasons explained below, deny the Motion for Remand [Dkt. No. 15].

## II. But, if Defendants provide additional allegations or evidence supporting the parties' citizenship, the Court should deny the Motion to Remand.

Klossner does not directly challenge the sufficiency of Defendants' allegations, but he challenges removal and moves for remand on other grounds. The undersigned addresses each argument in turn.

First, Klossner argues that Defendants failed to "provide competent evidence of jurisdiction." Dkt. No. 6 at 2.

But the United States Court of Appeals for the Fifth Circuit has explained that, in a diversity case under 28 U.S.C. § 1332,

- "[a]t the pleading stage, the party invoking the federal court's jurisdiction must allege the citizenship of each" party;

- "[a]t the summary judgment stage," the party invoking the federal court's jurisdiction "must provide evidence sufficient to support a jury finding of the

citizenship of" each party; and,

- "at trial," the party invoking the federal court's jurisdiction "must prove the citizenship of each" party.

*Megalomedia Inc. v. Philadelphia Indem. Ins. Co.*, 115 F.4th 657, 659 (5th Cir. 2024); *accord J.A. Masters Invs. v. Beltramini*, 117 F.4th 321, 323 (5th Cir. 2024); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 315 n.\* (5th Cir. 2019).

If this lawsuit were at the summary judgment stage, Defendants would need to provide evidence of citizenship. But here, at the pleading stage, Defendants need only allege the parties' citizenship. And, so, although the undersigned finds that Defendants' citizenship allegations are insufficient and that additional allegations or evidence could remedy those deficiencies, it disagrees that Defendants are <u>required</u> to provide evidence of citizenship to support their allegations.

Second, Klossner contends that the Court should remand for lack of subject-matter jurisdiction because he "filed suit in his individual capacity," and, so, Defendants' references to KDA Realty's citizenship are "improper and legally irrelevant." Dkt. No. 5 at 3, 4; *see* Dkt. No. 6 at 2.

But Klossner's own petition contradicts this argument, as it lists the plaintiffs as "David Klossner / KDA Realty LLC. Dkt. No. 1-3 at 2.

And, even accepting that Klossner brings this suit solely in his individual capacity, subject-matter jurisdiction would be unaffected. Klossner is the sole member of KDA Realty. And, so, his citizenship determines KDA Realty's citizenship. *See SXSW*, 83 F.4th at 407-08. And neither including nor excluding KDA Realty's

citizenship in the analysis would destroy complete diversity.

Third, Klossner argues that Defendants' "own certificate of interested persons contradicts its removal allegations." Dkt. No. 5 at 4 (caps omitted). Klossner points out that Defendants' "Notice of Removal asserts that AZIC was improperly included" but that their "Certificate of Interested Persons filed in this Court identifies both ZAIC and AZIC as entities with a financial or legal interest in the outcome of this case." Dkt. No. 6 at 3 (emphasis omitted).

Defendants respond that AZIC was described as an improper defendant because KDA Realty purchased the relevant insurance policy from ZAIC only – "AZIC did not issue a policy to Plaintiff nor did AZIC issue the property policy at issue in this case." Dkt. No. 18 at 6.

Regardless of whether AZIC may be liable to Klossner for any acts or omissions, Klossner named both ZAIC and AZIC in his petition. *See* Dkt. No. 1-3. And both ZAIC and AZIC have appeared, and they jointly filed the notice of removal. *See* Dkt. No. 1. And, so, their removal of this lawsuit was procedurally proper. *Cf. Home Depot U. S. A., Inc. v. Jackson*, 588 U.S. 435, 446, 437 (2019) (holding that "neither [28 U.S.C.] § 1441(a) nor § 1453(b) permits removal by a third-party counterclaim defendant" "[b]ecause in the context of these removal provisions the term 'defendant' refers only to the party sued by the original plaintiff").

Defendnats also argue that, in any case, ZAIC is alleged to be a citizen of New York and Illinois, and AZIC is alleged to be a citizen of Illinois. And, so, if Defendants provide additional allegations or evidence that Klossner is a citizen of Ohio, the Court

should find that AZIC's citizenship is not the same as Klossner's, such that neither including nor excluding it as a defendant would destroy complete diversity.

Fourth, Klossner argues that removal was improper because Defendants "failed to comply with 28 U.S.C. § 1446(a) by omitting material filings from the removal record." Dkt. No. 6 at 3; *see* Dkt. No. 5 at 5.

"Under § 1446(a), a defendant seeking to remove a case to federal court is required to include in its notice of removal 'all process, pleadings, and orders' from the state court." *Cooper v. Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.*, No. 3:07-cv-0427-G, 2007 WL 9717419, at *2 (N.D. Tex. July 23, 2007).

But Defendants claim that Klossner did not serve Defendants with the subrogation demand or attach it to his complaint – a contention that Klossner does not dispute. *See* Dkt. No. 18 at 6. And, so, they were not required to attach the letter to their notice of removal.

And, even if they were, failure to submit the required documents with a notice of removal is, in most cases, a "nonjurisdictional" procedural defect, for which "the proper remedy is to allow the missing documents to be supplemented" rather than to remand. *Cooper*, 2007 WL 9717419, at *2 (citing *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 933 (5th Cir. 1958), *cert. denied*, 357 U.S. 921 (1958)).

Klossner further argues that the subrogation letter was "material" to the issue of jurisdiction because it "contradicts [Defendants'] jurisdictional presentation and establishes that the dispute is rooted entirely in Texas insurance-handling conduct." Dkt. No. 6 at 3. But this argument also fails.

Insofar as Klossner means to argue that this evidence destroys complete diversity, Klossner is – albeit insufficiently – alleged to be a citizen of Ohio. Klossner provides no arguments or evidence that he is a citizen of Texas. And, so, even if the subrogation letter could show that ZAIC, AZIC, or both are citizens of Texas, complete diversity would not be destroyed.

And, insofar as Klossner means to argue that the case arises only out of Texas law, Section 1332 is the appropriate vehicle for jurisdiction over state-law contract claims such as these. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014) ("EMS's suit concerns a contract dispute that presents only state-law questions."). Section 1332 jurisdiction does not depend on the existence of a federal question. *See id.* at 258-59 ("A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes or treaties…." (emphasis added)).

And, so – if Defendants properly allege that complete diversity exists – the Court should find that Klossner has presented no reason to remand the lawsuit and should deny his Motion for Remand [Dkt. No. 15].

### Recommendation

For the reasons explained above, the Court should remand this lawsuit for lack of subject-matter jurisdiction.

But if, within the 14-day period for objections, Defendants Zurich American Insurance Company and American Zurich Insurance Company file a written response or submit evidence that sufficiently explains the parties' citizenship, the Court should

retain jurisdiction over this lawsuit and, for the reasons explained below, deny the Motion for Remand [Dkt. No. 15].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)

DATED: February 12, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE